**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **Criminal No. 15-00088-CG** |
| **v.** | * | |
| | * | |
| **JOHN PATRICK COUCH, and** | * | |
| **XIULU RUAN, M.D.** | * | |

**UNITED STATES' PROPOSED FINAL JURY INSTRUCTIONS**

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and submits the following proposed final jury instructions.

Unless otherwise noted, all pattern instructions included are essentially verbatim from the Eleventh Circuit Pattern Jury Instructions. Depending on how the remainder of trial plays out, the United States may request additional instructions not included in these proposed instructions. Likewise, some of the instructions included herein may be unnecessary.

KENYEN R. BROWN
UNITED STATES ATTORNEY
by:

By: */s/Christopher J. Bodnar*
Christopher J. Bodnar
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845
christopher.bodnar@usdoj.gov

By: */s/ Deborah A. Griffin*
Deborah A. Griffin
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441–5845
deborah.griffin@usdoj.gov

1

**Basic Instruction 1**
**Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions — what we call your deliberations.

You must find whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

**Basic Instruction 2.1 or 2.2**
**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it —  even if you do not agree with the law — and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent.  The Defendant does not have to prove his or her innocence or produce any evidence at all.  *A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision.*[1]  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

---

[1]  Basic Instruction 2.1 and 2.2 are identical other than this sentence.  Whether this sentence needs to be given will depend on whether one or more of the defendants choose not to testify on their own behalf.

**Basic Instruction 3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Basic Instruction 4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Basic Instruction 5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Basic Instruction 6.5**
**Impeachment of Witnesses Because of**
**Inconsistent Statements, Felony Conviction, or Defendant Testifies**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

*A defendant has a right not to testify.  But since one/both of the Defendants did testify, you should decide whether you believe the Defendant('s)(s') testimony in the same way as that of any other witness.*[2]

---

2      If neither of the defendants testify in this case, then the appropriate instruction would be Basic Instruction 6.2 rather than Basic Instruction 6.5.

## Special Instructions 1.2 & 1.3[3]
## Testimony of Accomplice or Co-Defendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has entered into plea agreements with co-defendants Justin Palmer, Bridgette Parker, Natalie Perhacs, and Christopher Manfuso in exchange for their testimony. Such "plea bargains," as it's called, provides the possibility for a lesser sentence than the co-defendants would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

The fact that a witness has pleaded guilty to an offense isn't evidence of the guilty of another person.

In this case, you have also heard testimony from witnesses who were using addictive drugs — either prescribed by the Defendants or otherwise — during the time period about which they testified. Such witnesses may have impaired memory of those events. While a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

---

3        Special Instruction 1.3 has been modified so as to better fit the nature of this case.

**Special Instruction 5**
**Note Taking**

You've been permitted to take notes during the trial.  Most of you — perhaps all of you — have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.   And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Basic Instruction 7 With Modification**
**Expert Witnesses**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.   As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You have heard from numerous medical experts during this trial.  However, expert medical testimony is not necessary to convict a Defendant under the Controlled Substances Act, because a jury may find that a doctor violated the Act from evidence received from lay witnesses surrounding the facts and circumstances of the prescriptions.  Experts can reasonably disagree with each other regarding whether a prescription was written within or outside the usual course of professional practice.  However, their disagreement does not mean you cannot use other evidence and testimony you heard during trial to form your own opinion of whether a prescription was written within or outside the usual course of professional practice.[4]

---

4       *See United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013) ("Expert medical testimony is not . . . necessary to sustain a conviction under the [Controlled Substances] Act because a jury may find that a doctor violated the Act 'from evidence from lay witnesses surrounding the facts and circumstances of the prescriptions.") (quoting *United States v. Rogers*, 609 F.2d 834, 839 (5th Cir. 1980) ("While the use of expert testimony is both permissible and useful, it is not absolutely necessary as a jury can find that a doctor prescribed controlled substances not in the usual course of his medical practice and was acting other than for a legitimate medical purpose from evidence received from lay witnesses surrounding the facts and circumstances of the prescriptions.")); *See also*, *United States v. Ward*, 806 F.2d 658, 663–64 (6th Cir. 1986) ("[W]hile expert testimony as to 'legitimate medical purpose' and 'in the usual course of professional practice' may be helpful to a jury, there are cases in which the lay testimony is so clear that no expert is required to determined that a defendant's actiosn were not for a legitimate medical purpose nor in the usual course of professional practice."); *United States v. Smurthwaite*, 590 F.2d 889, 892 (10th Cir. 1979) ("We can conceive of a situation where evidence as to the usual practice might be essential to proof of the government's case.  But here there is evidence of conduct clearly outside the usual course of professional practice. . . .  There were conflicts, of course, between the doctor's testimony and the witnesses', but resolution of those conflicts was for the jury."); *United States v. Bartee*, 479 F.2d 484, 488 (10th Cir. 1973) ("Expert testimony from medical practitioners is of course admissible as bearing on the issue as to whether a doctor in prescribing a controlled substance is acting for a legitimate medical purpose . . . .  However, the jury is not bound by such expert testimony and may of course consider all of the facts and circumstances surrounding the prescribing as related by lay witnesses.")

**Basic Instruction 9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the time was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

**Basic Instruction 10.4**
**Multiple Defendants; Multiple Counts**

Each count of the indictment charges a separate crime against one or more of the Defendants.  You must consider each crime and the evidence relating to it separately.  And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.  If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**Basic Instruction 8**
**Introduction to Offense Instructions**[5]

The indictment charges the defendants with multiple separate crimes called "counts." Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges defendants Xiulu Ruan and John Patrick Couch with conspiring to violate the RICO Act.

Count Two charges defendants Xiulu Ruan and John Patrick Couch with conspiring to violate the Controlled Substances Act by prescribing Schedule II Controlled Substances outside the usual course of professional practice and not for a legitimate medical purpose.

Count Three charges defendants Xiulu Ruan and John Patrick Couch with conspiring to violate the Controlled Substances Act by prescribing the drug fentanyl outside the usual course of professional practice and not for a legitimate medical purpose. If you find a Defendant guilty of the conspiracy alleged in Count Three, then you will be required to determine whether the amount of fentanyl prescribed as part of the conspiracy exceeded 40 grams.

Count Four charges defendants Xiulu Ruan and John Patrick Couch with conspiring to violate the Controlled Substances Act by prescribing Schedule III Controlled Substances outside the usual course of professional practice and not for a legitimate medical purpose.

Counts Five through Seven charge only defendant John Patrick Couch with prescribing the Schedule II Controlled Substance Roxicodone to an undercover patient outside the usual course of professional practice and not for a legitimate medical purpose on or about three dates listed in those counts of the indictment.

---

[5]     This proposed instruction deviates from the language in the pattern instruction in order to better clarify which defendants are charged with which offenses.

Count Eight charges only defendant Xiulu Ruan with prescribing the Schedule II Controlled Substances Abstral, Subsys, OxyContin, and Norco to patient Diane Greathouse outside the usual course of professional practice and not for a legitimate medical purpose on or about February 26, 2015.

Count Nine charges only defendant Xiulu Ruan with prescribing the Schedule II Controlled Substances Fentora, OxyContin, and Roxicodone to patient Kimberly Lowe outside the usual course of professional practice and not for a legitimate medical purpose on or about April 27, 2015.

Count Ten charges only defendant Xiulu Ruan with prescribing the Schedule II Controlled Substances Fentora and Zohydro to patient Erick Gist outside the usual course of professional practice and not for a legitimate medical purpose on or about July 15, 2014.

Count Eleven charges only defendant Xiulu Ruan with prescribing the Schedule II Controlled Substance Opana to patient Deborah Walker outside the usual course of professional practice and not for a legitimate medical purpose on or about November 25, 2014.

Count Twelve charges only defendant Xiulu Ruan with prescribing the Schedule II Controlled Substance MSContin to patient John Bosarge outside the usual course of professional practice and not for a legitimate medical purpose on or about October 10, 2012.

Count Thirteen charges only defendant John Patrick Couch with prescribing the Schedule II Controlled Substances OxyContin and Roxicodone to patient Karen Daw outside the usual course of professional practice and not for a legitimate medical purpose on or about March 5 and March 11, 2015.

Count Fourteen charges only defendant John Patrick Couch with prescribing the Schedule II Controlled Substances Opana and MSContin Instant Release to patient Patrick Chausse outside

the usual course of professional practice and not for a legitimate medical purpose on or about March 18 and March 31, 2014.

Count Fifteen charges defendants Xiulu Ruan and John Patrick Couch with conspiring to commit healthcare fraud.

Count Sixteen charges defendants Xiulu Ruan and John Patrick Couch with conspiring to violate the Anti-Kickback Statute with regard to payments received from Industrial Pharmaceutical Management ("IPM") and Comprehensive Rx Management ("CRM").

Count Seventeen charges defendants Xiulu Ruan and John Patrick Couch with conspiring to violate the Anti-Kickback Statute with regard to payments received from Insys Therapeutics.

Count Nineteen charges defendants Xiulu Ruan and John Patrick Couch with conspiring to commit mail fraud and wire fraud.

Count Twenty charges only defendant Xiulu Ruan with conspiring to commit money laundering.

Finally, Counts Twenty-One and Twenty-Two charge only defendant Xiulu Ruan with substantive money laundering offenses.

It is very important to be aware that not all Defendants are charged in each count.  Also note that certain counts do not charge the Defendants with committing a substantive offense.  These counts charge the Defendants with conspiring to commit that offense.  I will explain the law governing the conspiracies and substantive offenses later in these instructions.

**Eleventh Pattern Jury Instruction 75.2[6]**
**RICO Conspiracy**

Count One charges defendants Xiulu Ruan and John Patrick Couch with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d).

It's a Federal crime for anyone associated with an enterprise whose activities involve or affect interstate commerce to participate in conducting the activities of the enterprise through a pattern of racketeering activity.

An "enterprise" includes legal entities such as any partnership, corporation, or association. It also includes a non-legal entity that is a group of people associated for a common purpose of engaging in a course of conduct.

"Racketeering activity" includes any acts that violate the Controlled Substances Act, as well as acts that constitute mail fraud or wire fraud. I will give you specific instructions as to the elements that must be proved to establish a violation of the Controlled Substances Act, as well as for mail and wire fraud, later in these instructions.

A "pattern of racketeering activity" means that a least two acts of racketeering activity were committed within ten years. At least one of the acts must have occurred after October 15, 1970.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The

---

6       This instruction includes some of the languages and definitions found in Eleventh Circuit Pattern Jury Instruction 75.1.

heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty of the charge in Count One only if all of the following facts are proved beyond a reasonable doubt:

(1)     Two or more persons agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity.

(2)     The Defendant knowingly and willfully joined in the conspiracy; and

(3)     When the Defendant joined in the agreement, the Defendant had the specific intent either to personally participate in committing at least two other acts of racketeering — which in this case would be acts violating the Controlled Substances Act, acts constituting mail fraud, or acts constituting wire fraud — or else to participate in the enterprise's affairs, knowing that other members of the conspiracy would commit at least two other acts of racketeering and intending to help them as part of a pattern of racketeering activity.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan, but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also, a person who doesn't know about a conspiracy, but happens to act in a way that advances some purpose of one, doesn't automatically become a conspirator.

## Modified Eleventh Pattern Jury Instruction 100
## Controlled Substances Act Conspiracy

In Counts Two, Three and, Four, the defendants Xiulu Ruan and John Patrick Couch are charged with conspiring to violate the Controlled Substances Act, in violation of Title 21, United States Code, Section 846.

Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally distribute or dispense a Controlled Substance.  However, federal regulations provide an exception for Controlled Substance prescriptions that are issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

To qualify for this exception, a Defendant must have provided the prescription both for a legitimate medical purpose and while acting in the usual course of his profession.  Without both, the Defendant is subject to prosecution.[7]  In other words, if the Government proves beyond a reasonable doubt that a prescription was written (1) not for a legitimate medical purpose, or (2) outside the usual course of professional practice, then the exception to the Controlled Substances Act does not apply.

As I previously explained to you, a "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The

---

7        "[T]o qualify for the exception [set out in 21 C.F.R. § 1306.04], a defendant must have provided the prescription for both a legitimate medical purpose and while acting in the usual course of professional practice. Without both, the defendant is subject to prosecution." *United States v. Dileo*, 625 F. App'x 464, 478 (11th Cir. 2015); *accord United States v. Joseph*, 709 F.3d 1082, 1094 (11th Cir. 2013).

18

heart of the conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The elements of the offense charged in Counts Two, Three, and Four are the same, but you must consider each count separately. The Defendant can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

(1)     Two or more people in some way agreed to try to accomplish a shared and unlawful plan to prescribe
        **Count 2**: Schedule II Controlled Substances
        **Count 3**: Fentanyl
        **Count 4**: Schedule III Controlled Substances
outside the usual course of professional purpose <u>or</u> not for a legitimate medical purpose; and

(2)     The Defendant knew the unlawful purpose of the plan and willfully joined in it.

As you heard during the course of trial, the Schedule II and III Controlled Substances alleged to have been prescribed either not for a legitimate medical purpose or outside the usual course of professional practice are sold under a variety of brand names, including:

| Controlled Substance | Brand Names | Schedule |
|---|---|---|
| Fentanyl | Subsys<br>Abstral<br>Fentora<br>Lazanda<br>Duragesic | Schedule II |
| Oxymorphone | Opana | Schedule II |
| Hydromorphone | Exalgo<br>Dilaudid | Schedule II |
| Oxycodone | OxyContin<br>Roxicodone<br>Percocet<br>Endocet | Schedule II |

| Morphine | MSContin<br>Kadian<br>Embeda<br>Avinza | Schedule II |
|----------|------------------------------------------|-------------|
| Hydrocodone | Lortab<br>Norco<br>Vicodin<br>Zohydro | Schedule II/III* |

*\* Hydrocodone was reclassified as a Schedule II Controlled Substance on October 6, 2014. Prior to that date, hydrocodone was classified as a Schedule III Controlled Substance.*

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan, but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy, but happens to act in a way that advances some purpose of one, doesn't automatically become a conspirator.

With regard to Count Three only, the Defendants are charged with prescribing more than 40 grams of fentanyl outside the usual course of professional practice and not for a legitimate medical purpose. You may find that one or more of the Defendants guilty of the crime even if the amount of the fentanyl for which he is being held responsible for is less than 40 grams. So if you find either Defendant guilty of Count Three, you must also unanimously agree on whether the weight of the fentanyl exceeded 40 grams.

**Modified Eleventh Pattern Jury Instruction 98**
**Substantive Controlled Substances Act Violation**

Counts Five through Fourteen are all counts charging substantive violations of the Controlled Substances Act, in violation of Title 21, United States Code, Section 841(a)(1).

As I explained above, it is a federal crime for anyone to knowingly or intentionally distribute or dispense a Controlled Substance. However, federal regulations provide an exception for Controlled Substance prescriptions that are issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

To qualify for this exception, a Defendant must have provided the prescription <u>both</u> for a legitimate medical purpose <u>and</u> while acting in the usual course of his profession. Without both, the Defendant is subject to prosecution. In other words, if the Government proves beyond a reasonable doubt that a prescription was written (1) not for a legitimate medical purpose, <u>or</u> (2) outside the usual course of professional practice, then the exception to the Controlled Substances Act does not apply.

The elements of the offense charged in Counts Five through Fourteen are the same, but you must consider each count separately. The Defendant can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

(1)    On or about the date charged in each count in the indictment, the Defendant prescribed the identified Controlled Substance or Substances to the identified individual, specifically:

| Count | Defendant | Date | Patient | Controlled Substance |
|-------|-----------|------|---------|----------------------|
| Five | John Patrick Couch | 08/05/14 | Under Cover Patient | oxycodone |
| Six | John Patrick Couch | 09/08/14 | Under Cover Patient | oxycodone |
| Seven | John Patrick Couch | 11/05/14 | Under Cover Patient | oxycodone |
| Eight | Xiulu Ruan | 02/26/15 | Diane Greathouse | fentanyl oxycodone hydrocodone |

| Nine | Xiulu Ruan | 04/27/15 | Kimberly Lowe | fentanyl oxycodone |
|---|---|---|---|---|
| Ten | Xiulu Ruan | 07/15/14 | Erick Gist | fentanyl hydrocodone |
| Eleven | Xiulu Ruan | 11/25/14 | Deborah Walker | oxymorphone |
| Twelve | Xiulu Ruan | 10/10/12 | John Bosarge | morphine |
| Thirteen | John Patrick Couch | 03/05/15 03/11/15 | Karen Daw | oxycodone oxycodone |
| Fourteen | John Patrick Couch | 03/18/14 03/31/14 | Patrick Chausse | oxymorphone morphine |

; and

(2)     The prescription for the Controlled Substances was not issued for a legitimate medical purpose or was not issued in the usual course of professional practice.

**Modified Eleventh Pattern Jury Instruction 54[8]**
**Healthcare Fraud Conspiracy**

Count Fifteen charges both Defendants with conspiracy to commit healthcare fraud, in violation of Title 18, United States Code, Section 1349.

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the substantive crime of healthcare fraud. In order to prove the <u>substantive crime</u> of healthcare fraud, the Government would have to prove all of the following facts beyond a reasonable doubt:

(1) The Defendant knowingly executed, or attempted to execute a scheme or artifice to defraud a healthcare benefit program by means of false or fraudulent pretenses, representations, or promises;

(2) The healthcare benefit program affected interstate commerce;

(3) The false or fraudulent pretenses, representations, or promises related to a material fact;

(4) The Defendant acted willfully and intended to defraud; and

(5) The Defendant did so in connection with the delivery of or payment for healthcare benefits, items or services

"Healthcare benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A healthcare program affects interstate commerce if the healthcare program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the healthcare program itself either engaged in interstate

---

8 Language from the 2015 Revised Eleventh Circuit Pattern Jury Instruction for Healthcare Fraud is also included as part of this instruction.

commerce or that its activity affected interstate commerce to any degree.  The Government need not prove that a Defendant engaged in interstate commerce or that the acts of a Defendant affected interstate commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud.  A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not to do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to do something with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.  It also does not have to prove that the alleged scheme actually succeeded in defrauding anyone.  What must be provide beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

Now, having said all that, the Defendants in this case <u>are not charged with substantive healthcare fraud, but rather conspiracy to commit healthcare fraud</u>.  I gave you the substantive

elements first so that you would understand the offense the Defendants allegedly conspired to commit.  The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

    (1)    Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit healthcare fraud; and

    (2)    The defendant knew the unlawful purpose of the plan and willfully joined in it.

As I explained for the other conspiracy counts, the Government does not have to prove that the members of the conspiracy made any kind of formal agreement.  The heart of the conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

If the Defendant played only a minor part in the plan, but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also, a person who doesn't know about a conspiracy, but happens to act in a way that advances some purpose of one, doesn't automatically become a conspirator.

**Modified Eleventh Pattern Jury Instruction 13.1**
**Conspiracy to Violate the Anti-Kickback Statute**

Counts Sixteen and Seventeen charge both Defendants with conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371.

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the substantive violation of the Anti-Kickback Statute.  In order to prove a <u>substantive</u> violation of the Anti-Kickback Statute, the Government would have to prove all of the following facts beyond a reasonable doubt:[9]

(1)   The Defendant knowingly and willfully offered, paid, solicited, or received any type of remuneration;

(2)   The remuneration was offered, paid, solicited, or received, at least in part, to induce or in exchange for any patient item or service; and

(3)   The patient item or service was covered, in whole or in part, by a federal healthcare program.

The term "remuneration" includes any kickback, bribe or rebate.  It does not matter if this remuneration is paid directly or indirectly, overtly or covertly, or in cash or in kind.

Now, having said all that, the Defendants in this case <u>are not charged with substantive Anti-Kickback violations, but rather conspiracy to violate the Anti-Kickback Statute</u>.  I gave you the substantive elements first so that you would understand the offense the Defendants allegedly conspired to commit.

The elements of the offense charged in Counts Sixteen and Seventeen are the same, but you must consider each count and each Defendant separately.   A Defendant can be found guilty only if all of the following facts are proved beyond a reasonable doubt:

---

9       There is no Eleventh Circuit Pattern Jury Instruction for violations of the Anti-Kickback Statute.  These elements are crafted from the language of the statute itself, the instructions given during trial in *United States v. Waters*, 12-cr-00011-KD, and the Eleventh Circuit's opinion in *United States v. Vernon*, 723, F.3d 1234, 1266–71 (11th Cir. 2013), which upheld the Anti-Kickback Statute violations from the *Waters* trial.

(1)    Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

      **Count 16:** The receipt of guaranteed payments from IPM/CRM
      **Count 17:** The receipt of speaking fees from Insys Therapeutics

(2)    The Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)    During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)    The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that conspirator commits to accomplish some object of the conspiracy. The Government does not have to prove that the members planned together <u>all</u> the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

As previously discussed, the Government does not have to prove that the members of the conspiracy made any kind of formal agreement. The heart of the conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

If the Defendant played only a minor part in the plan, but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy, but happens to act in a way that advances some purpose of one, doesn't automatically become a conspirator.

**Modified Eleventh Pattern Jury Instruction 54**
**Conspiracy to Commit Mail and Wire Fraud**

Count Nineteen charge both Defendants with conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349.

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the substantive violation either mail fraud or wire fraud.  In order to prove a <u>substantive</u> violation of mail fraud or wire fraud, the Government would have to prove all of the following facts beyond a reasonable doubt:[10]

**Mail Fraud**

(1)   The Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2)   The false or fraudulent pretenses, representations, or promises were about a material fact;

(3)   The Defendant intended to defraud someone; and

(4)   The Defendant used the United States Postal Service by mailing or causing to be mailed, or used a private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

**Wire Fraud**

(1)   The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2)   The false pretenses, representations, or promises were about a material fact;

(3)   The Defendant acted with the intent to defraud; and

---

10     The elements for mail and wire fraud come from Eleventh Circuit Pattern Jury Instructions 50.1 and 51, respectively.

(4)     The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

Now, having said all that, the Defendants in this case <u>are not charged with substantive mail and wire fraud, but rather conspiracy to commit mail and wire fraud</u>.  I gave you the substantive elements first so that you would understand the offenses the Defendants allegedly conspired to commit.

A Defendant can be found guilty of this conspiracy crime only if all the following facts are proved beyond a reasonable doubt:

(1)     Two or more persons in some way agreed to try to accomplish a shared and unlawful plan; and

(2)     The Defendant knew the unlawful purpose of the plan and willfully joined in it;

In this case, regarding the alleged conspiracy in Count Nineteen, the indictment charges that the Defendants conspired to commit mail fraud <u>and</u> to commit wire fraud.  In other words, the Defendants are charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit <u>both</u> crimes.  It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes.  But to return a verdict of guilty, you must all agree on <u>which</u> of the two crimes the Defendant conspired to commit.[11]

---

[11]     The language in the last two paragraphs comes directly from Eleventh Circuit Pattern Jury Instruction 13.2.

**Eleventh Pattern Jury Instruction 74.5**
**Money Laundering Conspiracy**

Count Twenty charges only Xiulu Ruan with money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h).

It is a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1957. I will provide you with the elements for the substantive offense of Section 1957 money laundering later in these instructions.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     Two or more people agreed to try to accomplish a common and unlawful plan to violate Title 18, United States Code, Section 1957; and

(2)     The Defendant knew about the plan's unlawful purpose and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan, but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**Eleventh Pattern Jury Instruction 74.6**
**Money Laundering**

Counts Twenty-One and Twenty-Two charge only Xiulu Ruan with money laundering, in violation of Title 18, United States Code, Section 1957.

It is a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

(1)      The Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2)      The Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3)      The property had a value of more than $10,000.00;

(4)      The property was in fact proceeds of the specified unlawful activity alleged in the indictment; specifically, conspiracy to violate the Controlled Substances Act, conspiracy to commit healthcare fraud, and conspiracy to violate the Anti-Kickback Statute; and

(5)      The transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means a bank.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from conspiring to commit healthcare fraud or violate the Controlled Substances Act or Anti-Kickback Statute.  But the Government must prove that the Defendant knew that the

property involved in the monetary transaction was obtained or derived from committing *some* crime.

Also, it doesn't matter whether all the property involved was derived from a crime.   The Government only has to prove that $10,000.00 worth of the property was obtained or derived from committing a crime.

**Special Instruction 7**
**Aiding and Abetting; Agency**

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated or participated in the crime — not just proof that the Defendant was simply present at the scene of the crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Basic Instruction 11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous — in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're the judges — judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Basic Instruction 12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience. Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible — either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.