**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **Criminal No. 15-00088-CG** |
| **v.** | * | |
| | * | |
| **JOHN PATRICK COUCH, M.D., and** | * | |
| **XIULU RUAN, M.D.** | * | |

## SUPPLEMENTAL JURY REQUEST

Comes now the United States, by and through the United States Attorney for the Southern District of Alabama, and submits the following supplemental Jury Request.

1.      The Controlled Substances Act (hereinafter "CSA") governs the distribution and dispensing of various listed drugs, including narcotics, that are prescribed by physicians and other licensed health care providers.  Licensed physicians and physician extenders may distribute and dispense Controlled Substances if they have a DEA Registration number and if they comply with all DEA regulations and all applicable federal laws.

2.      The CSA assigns legal authority for the regulation of Controlled Substances to the DEA.  The statute charges DEA with the prevention, detection, and investigation of the diversion of Controlled Substances from legitimate channels while at the same time ensuring that adequate supplies are available to meet legitimate domestic medical, scientific and industrial needs.

3.      The DEA issues registration numbers to qualifying persons, who are authorized to dispense Controlled Substances.  To issue a prescription for a Controlled Substance, a physician must be licensed to practice by a state authority and must have a DEA registration number.

4.      Under Title 21, United States Code, Section 802(21) the term practitioner is defined as a "physician . . . registered, or otherwise permitted by the United States or the jurisdiction in which the he practices . . . to distribute, dispense, . . .  administer,  . . . a Controlled Substance in

the course of professional practice . . . "  Under Title 21, United States Code, Section 822(a)(2), every person or entity who handles Controlled Substances must be registered with DEA or be exempt by regulation from registration.  The DEA registration grants practitioners federal authority to handle Controlled Substances.  However, the DEA registered practitioner may only engage in those activities that are authorized under state law for the jurisdiction in which the practice is located.

5.      The practitioner is responsible for the proper prescribing and dispensing of Controlled Substances prescribed under his or her name and DEA registration number.  The practitioner is responsible for ensuring that the prescription conforms to all requirements of the law and regulations, both federal and state.  Controlled Substances may only be distributed or dispensed lawfully in the manner prescribed by the mechanism created by the CSA.

6.      Provisions of the CSA mandate that the person or entity registered with DEA must be able to account for all Controlled Substances which have been received, distributed, dispensed, or disposed.

7.      Title 21, Code of Federal Regulations, Sections 1306.05, 1306.11, and 1306.21 require a prescription for a Controlled Substance to be dated as of, and signed on, the day issued, bearing the patient's full name and address, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address, and DEA registration number of the prescriber.

8.      The CSA, Title 21, United States Code, Section 801, *et seq.*, and its implementing regulations set forth which drugs and other substances are defined by law as "Controlled Substances."  Those Controlled Substances are then assigned to one of five schedules — Schedule I, II, III, IV, or V — depending on their potential for abuse, likelihood of physical or psychological

dependency, accepted medical use, and accepted safety for use under medical supervision.

9.     Title 21, Code of Federal Regulations, Section 1306.04(a) state that a valid prescription for a Controlled Substance must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.  An Order purporting to be a prescription issued not in the usual course of professional practice, or in legitimate and authorized research, is not a prescription within the meaning and intent of Section 309 of the Act (21 U.S.C. § 829).  The person knowingly issuing it shall be subject to the penalties provided for violations of the provisions of law relating to Controlled Substances.

10.     Certified Automation of Reports and Consolidated Orders System (hereinafter "ARCOS") is an automated, comprehensive drug reporting system maintained by DEA, which monitors the flow of Controlled Substances from their point of manufacture through commercial distribution channels to point of sale or distribution at the dispensing/retail level.   ARCOS accumulates these transactions, which are then summarized into reports.  These DEA reports give investigators in Federal and state government agencies information that can then be used to identify the diversion of Controlled Substances into illicit channels of distribution.

11.     Transmucosal instant-release fentanyl ("TIRF") drugs are a subset of other fentanyl-based drugs.  TIRF drugs are sold under several brand names, including Subsys, Abstral, Fentora, and Lazanda, all of which are Schedule II Controlled Substances.

12.     The only FDA-approved indication for TIRF drugs is "for the management of breakthrough pain in patients with cancer who are already receiving, and who are tolerant to, around-the-clock opioid therapy for their persistent pain."

13.     Fentanyl in TIRF drugs is measured in micrograms.

14.     The FDA requires that all practitioners, pharmacists, and patients must be enrolled

in an FDA Risk Evaluation & Management Strategy ("REMS") program before they are allowed to prescribe, dispense, or take Subsys, Abstral, Fentora, or Lazanda.

15.     Before prescribing a TIRF drug to a patient, the prescriber must fill out and sign a REMS form.

16.     BC/BS, Cigna, United Healthcare, Tri-Care, and Medicare, among other insurance companies who provide healthcare coverage, are all "healthcare benefits programs" as that term is defined in Title 18, United States Code, Section 24(b).

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:
*/s/ Deborah A. Griffin*
Deborah A. Griffin
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441-5845

**CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing pleading with the clerk of the Court using CM/ECF, which automatically serves a copy of the same upon counsel for the defendant this the 13th day of February, 2017.

*/s/Deborah A. Griffin*
Deborah A. Griffin