IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 15-0088-CG-B |
| JOHN PATRICK COUCH, M.D., XIULU RUAN, M.D., | ) | |

## ORDER

This action is before the Court on the motion of Defendant Xiulu Ruan for leave to contact jurors (Doc. 527) and the Government's opposition thereto (Doc. 546). Defendant requests leave to contact one or more members of the jury to explore and investigate the circumstances of potential improper jury conduct. For the reasons discussed below, Defendant's motion will be denied.

During the course of the trial in this matter, after jury selection, there were several instances when jury issues or juror conduct was brought to the attention of the Court and counsel. All counsel were advised of the circumstances to the extent known by the Court. The issues began approximately six weeks into the seven-week trial. At that time, it was reported that a week prior, a juror had stated to herself, but overheard by other jurors, that she had already made up her mind. Defense counsel for both Defendants indicated they thought the reported conduct simply amounted to a juror thinking out loud and that since a juror is presumed to follow instructions, including listening to all evidence and keeping an open mind,

1

there was nothing to investigate further or do. The Court agreed.

The Court, *sua sponte*, raised the issue again near the end of the trial and suggested that, since there were sufficient alternate jurors remaining, the juror who reportedly made the statements earlier be designated as an alternate and thereby be dismissed before deliberations began. Defense counsel strongly objected to the juror being made an alternate, arguing that there was no basis to do so and that the Court had already properly decided that there was nothing to investigate or do about the issue. Defense counsel stated that they wanted the jury they had selected, with alternate juror status to remain as originally chosen. The Court acquiesced and left the juror's status unchanged based on the vociferous objections by the defense.

After the jury began deliberating, a court security officer reportedly heard a juror say to another juror: "You all do what you want, keep deliberating. I made up my mind after the second week. But y'all just, you know, do whatever you want. My mind is made up." Although counsel for the Government asked that further inquiry be made, the Court after discussing the matter with counsel decided to take no action. Defense counsel did not object or demand further investigation.

Later, while the jury was still deliberating, counsel for Defendant Ruan reported that a person who gave his name and identified himself as a dismissed alternate juror in this case called his office saying he had information for counsel and needed to speak with them urgently. Defense counsel did not speak to the person. After discussing the matter with counsel, the undersigned judge called the

alternate juror and questioned him about his reason for calling counsel. During the phone call, the alternate juror reported that he wanted the Court and counsel to know that during the course of the trial one of the jurors, who is still on the jury, said she had made up her mind and that other jurors heard her make the statement. The Court asked the parties what, if anything, they wanted to do with that information. Counsel for all parties indicated they were fine with just leaving it alone.

During the course of trial, the Court repeatedly instructed the jurors to wait until deliberations to make their decisions. "A jury is presumed to follow its instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). When the juror issues were raised during trial, defense counsel agreed with this tenet and put full faith in the jury's ability to follow those instructions. Defense counsel objected to and argued against any action being taken to further investigate the situation or to attempt to alleviate any concern by switching the juror that had reportedly made the statements with an alternate juror.

In the motion for leave to contact the jurors, defense counsel states that he was contacted by a local news reporter who advised that the same dismissed alternate juror who had telephoned counsel's office during deliberations had also contacted the reporter with concerns about jurors predetermining the case.

The Court has a "strong interest in protecting jurors from threats and needless harassment from unsuccessful parties." *United States v. Venske*, 296 F.3d

1284, 1292 (11th Cir. 2002) (citing *McDonald v. Pless*, 238 U.S. 264, 267 (1915)). As the Eleventh Circuit has explained:

> Permission to attack jury verdicts by postverdict interrogations of jurors would allow defendants to launch inquiries into jury conduct in the hope of discovering something that might invalidate the verdicts against them. "Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict." *Id.* at 119–20, 107 S.Ct. 2739 (quoting *McDonald*, 238 U.S. at 267–68, 35 S.Ct. 783). Such events would result in "the destruction of all frankness and freedom of discussion" in the jury room. *Id.* And, as early as 1892, the Supreme Court expressed concern that such postverdict investigation would "induce tampering with individual jurors subsequent to the verdict." *Mattox v. United States*, 146 U.S. 140, 149, 13 S.Ct. 50, 36 L.Ed. 917 (1892). In a justice system that depends upon public confidence in the jury's verdict, such events are unacceptable.

*United States v. Siegelman*, 640 F.3d 1159, 1185–86 (11th Cir. 2011).

In the instant case, Defendant wants to conduct an investigation of the same juror conduct that defense counsel was content to do nothing about during the course of trial. The defendant resisted all efforts and suggestions to further investigate the issue at that time. Nothing has changed since these issues were first raised with counsel. The Court remains unconvinced that any additional action should have been taken then or should now be permitted to occur. Questioning the jury after the verdict would undermine "the community's trust in a system that relies on the decisions of laypeople," and might discourage juries from engaging in "full and frank discussions in the jury room," and from being willing "to return an unpopular verdict." *Siegelman*, 640 F.3d at 1185 (quoting *Tanner v. United States*, 483 U.S. 107, 120-121(1987)). Under the circumstances, the Court finds Defendant Ruan and his counsel should not be permitted to question the jurors. Accordingly,

4

Defendant's motion for leave to contact jurors (Doc. 527) is **DENIED.**

**DONE** and **ORDERED** this 10th day of April, 2017.

                                               /s/ Callie V. S. Granade
                                               SENIOR UNITED STATES DISTRICT JUDGE