IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | CRIMINAL NO. 15-0088-CG-B |
| ) | |
| **JOHN PATRICK COUCH, M.D.,** ) | |
| **XIULU RUAN, M.D.,** ) | |

### ORDER

This action is before the Court on the motion of Lori Carver to intervene, or alternatively her verified petition to assert an interest in property forfeited (Doc. 525), The Government's response (Doc. 549) and Carver's reply (Doc. 585). For the reasons explained below, the Court finds that Carver's motion should be denied.

The False Claims Act (FCA) prohibits any person from knowingly submitting a false or fraudulent claim to the United States for payment or approval or knowingly making any false statement material to such a claim. 31 U.S.C. § 3729(a). The Attorney General may bring a civil action under the FCA in the name of the United States. 31 U.S.C. § 3730(a). Alternatively, a private person—known as a "relator"—may bring a *qui tam* action "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). If a *qui tam* action results in a recovery for the Government, the relator shares in the award. *See* 31 U.S.C. § 3730(d). If the Government does not join the relator's suit, but pursues an "alternative remedy," the relator has the same rights to recover in that proceeding that they would have

had if the United States had joined in the *qui tam* action. 31 U.S.C. § 3730(c)(5).

In the instant action, Carver filed a *qui tam* action on August 1, 2013, asserting FCA claims against Defendants Couch and Ruan. *U.S. v. Physicians Pain Specialists of Alabama, P.C. et al.*,13-CV-392-WS-N, (S.D. Ala. 2013). Carver amended her complaint on August 28, 2014 to add C&R Pharmacy as a defendant and again on October 16, 2016 to add Castle Medical, LLC, Insys Therapeutics, Inc., Industrial Pharmacy Management, LLC, and Christopher Manfuso as defendants. The Government did not join in Carver's *qui tam* action. The Government pursued criminal charges against Couch and Ruan under a Second Superseding indictment that was issued in April 2016. (Doc. 269). On February 23, 2017, a jury convicted Defendants Couch and Ruan on 20 of 21 counts contained in the Second Superseding Indictment on RICO charges, conspiracy to commit healthcare fraud, drug charges, money laundering, and wire and mail fraud. On March 2, 2017, preliminary orders of forfeiture were entered (Docs. 504, 505), and on March 8, 2017, Couch entered into an agreement with the Government on forfeiture. (Docs. 516). Carver claims she is entitled to a share of the forfeited assets.

Carver contends that this criminal action against Couch and Ruan constitutes an "alternative remedy" under the FCA and thus, that she is entitled to share in the forfeited assets the same as if the Government had joined in the *qui tam* action and the assets had been forfeited through the *qui tam* action. Carver cites an unreported case in the Southern District of Indiana, *United States v. Bisig*, 2005 WL 3532554 (S.D. Ind. Dec. 21, 2005), that held that a criminal forfeiture

2

proceeding constitutes an "alternate recovery" from which the relator may recover. The Government disagrees, citing a case from the District of New Jersey, *United States v. Kurlander*, 24 F.Supp.3d 417 (D.N.J. 2014), that denied a motion by relators to intervene in a criminal case, holding that a criminal forfeiture action does not qualify as an "alternate remedy" under the FCA. In *Kurlander*, the court discussed the *Bisig* case at length and found it to be wrongly decided. *Kurlander*, 24 F.Supp.3d at 422-23. Neither of these cases is binding on this Court.

The Eleventh Circuit has not addressed whether a criminal action can qualify as an "alternate remedy" under the FCA and a review of the *Bisig*, *Kurlander* and other cases that have addressed the issue provides no consensus or clarity to the facts presented here. *See e.g. United States v. WellCare Health Plans, Inc.*, 2011 WL 4431157, at *1 (M.D. Fla. Sept. 21, 2011) (denying relator's intervention in criminal action where the government joined in the *qui tam* action and the defendant had agreed to a civil forfeiture); *United States v. Lustman*, 2006 WL 1207145, at *2-3 (S.D. Ill. May 4, 2006) (denying intervention in criminal action where the government had joined in the *qui tam* action, finding that § 3730(c)(5) "assumes that the original qui tam action did not continue" and stating: "Surely Congress would have explicitly specified criminal prosecutions as an 'alternate remedy' if it intended the result urged here."); *United States ex rel. Barajas v. United States*, 258 F.3d 1004, 1012 (9th Cir. 2001) (holding that administrative proceedings resulting in a settlement constituted an "alternate remedy").

The Court turns next to the language of the FCA to determine whether a

3

relator can intervene in a criminal proceeding. "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Silva*, 443 F.3d 795, 797–98 (11th Cir. 2006) (internal quotes omitted). "The plain language is presumed to express congressional intent and will control a court's interpretation." *United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002). A court "should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result." *Silva*, 443 F.3d at 798.  In the instant case the FCA provides the following:

> Notwithstanding subsection (b), the Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty. If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section. Any finding of fact or conclusion of law made in such other proceeding that has become final shall be conclusive on all parties to an action under this section. …

31 U.S.C. §3730(c)(5).  While the statute uses the broad word "any" to describe the allowable alternative remedies, it specifies that "any alternate remedy" includes "any administrative proceeding to determine a civil money penalty" and makes no mention of criminal proceedings.  As pointed out in *Kurlander*, a private party generally has no right to intervene in a criminal proceeding.[1] *Kurlander* 24

---

[1] The Court notes that third parties are sometimes permitted to intervene in an action defensively to assert a constitutional or federal right.  As the Middle District of Alabama explained:
> Intervention in criminal cases is generally limited to those instances in which a

F.Supp.3d at 423. "It is well established that 'a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.'" *Id.* at 424 (quoting *Linda R.S. v. Richard D. and Texas*, 410 U.S. 614, 619 (1973)). "The Supreme Court has made clear that 'a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution' and that criminal prosecutions have 'special status' in our legal system." *Id.* (quoting *Linda R.S., supra*). Even crime victims, who enjoy various statutory rights of participation, have no right to intervene in the district court in a criminal case. *United States v. Laraneta*, 700 F.3d 983, 985–86 (7th Cir. 2012).

Additionally, criminal forfeiture procedures do not provide for the intervention of third parties. A Court must enter a preliminary order of forfeiture

---

third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case. For example, courts sometimes permit the press to intervene in a criminal case where a decision to close criminal proceedings to the public may affect its First Amendment rights. *See, e.g., United States v. Hernandez*, 124 F.Supp.2d 698, 701 (S.D.Fla.2000); *United States v. Baez–Alcaino*, 718 F.Supp. 1503 (M.D.Fla.1989); United States v. Torres, 602 F.Supp. 1458, 1462 (N.D.Ill.1985). In addition, third parties are occasionally allowed to intervene in a criminal trial to challenge a request for the production of documents on the ground of privilege, *see, e.g., United States v. Bergonzi*, 216 F.R.D. 487 (N.D.Cal.2003); *In Re Grand Jury Investigation No. 83–30557*, 575 F.Supp. 777 (N.D.Ga.1983), or to protect other rights implicated by a particular proceeding. *See, e.g., Gravel v. United States*, 408 U.S. 606 (1972) (noting that district court allowed Senator's motion to intervene to quash grand jury subpoenas of witnesses whose testimony implicated his privilege under the Speech or Debate Clause of the Constitution).
United States v. Carmichael, 342 F.Supp.2d 1070 (M.D. Ala. 2004). In the instant case, Carver is not seeking to intervene as a member of the public with an interest in open access to court records or as a private party to defend against the production of confidential or privileged documents. Carver does not seek to intervene defensively, but offensively to pursue her FCA claims.

5

"without regard to any third party's interest in the property" and third parties claiming an interest in the property must file a petition to be determined in an ancillary proceeding. FED. R. CRIM. P. 32.2(b)(2)(A) & (c); 21 U.S.C. 853(n). Carver concedes that she is not a proper petitioner under 21 U.S.C. § 853(n). (Doc. 585, p. 1). Carver does not qualify under 853(n) because her legal interest did not vest in the petitioner at the time the Defendants committed the crimes and she is not a "bona fide purchaser for value of the property" that at the time of purchase was "reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. §§ 853(n)(6)(A) & 853(n)(6)(B). At the conclusion of the ancillary proceeding, the Court must enter a final order of forfeiture. FED. R. CRIM. P. 32.2(c). There is simply no provision in the Federal Rules of Criminal Procedure for a third party to intervene in a criminal proceeding to claim a share of forfeited assets. *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir.2007). In fact 21 U.S.C. § 853(k) expressly bars intervention. Section 853(k) states the following:

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may--
>
> > (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
> >
> > (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

"An ancillary proceeding constitutes the sole means by which a third party can establish entitlement to the forfeited property." *United States v. Chavous*, 654 F. App'x 998, 1000 (11th Cir. 2016) (citing *United States v. Davenport*, 668 F.3d 1316,

1320 (11th Cir. 2010)). "Third parties are barred from intervening in a trial or appeal of a criminal case involving the forfeiture of property, and are instead limited to participating in the ancillary proceeding." *Id.* (citing *Davenport, supra* and 21 U.S.C. § 853(k)).  Accordingly, the Court finds that reading the FCA statute to allow relators to intervene in a criminal proceeding for the purposes of asserting an interest in forfeited assets conflicts with other federal statutes and well-established law.

As the *Kurlander* court also noted, "the fact that Congress at one time contemplated including criminal prosecutions as an alternate remedy under the statute does not vitiate its subsequent decision not to include such language in the final alternate remedy provision." *Kurlander*, 24 F.Supp.3d at 423. "To the contrary, … such exclusion evinces a congressional intent that a criminal prosecution not qualify as an alternate remedy." *Id.*  "Surely Congress would have explicitly specified criminal prosecutions as an 'alternate remedy' if it intended the result urged here." *United States v. Lustman*, 2006 WL 1207145, at *2-3 (S.D. Ill. May 4, 2006).

After considering all of the above, the Court finds that this action does not qualify as an "alternate remedy" under the FCA.  Accordingly, the motion of Carver to intervene, or alternatively her verified petition to assert an interest in property forfeited (Doc. 525), is **DENIED**.

**DONE** and **ORDERED** this 13th day of July, 2017.

                                     /s/ Callie V. S. Granade
                                     SENIOR UNITED STATES DISTRICT JUDGE