IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) CRIMINAL NO. 15-0088-CG-B ) |
| JOHN PATRICK COUCH, M.D., XIULU RUAN, M.D., | ) ) ) ) ) |

## ORDER

This action is before the Court on the motion of the United States to dismiss the petition of Ling Cui (Doc. 600), Ling Cui's amended petition (Doc. 643), Ling Cui's opposition to the motion to dismiss (Doc. 646), and the United States' reply (Doc. 676). For reasons that will be explained below, the Court finds the motion to dismiss should be granted.

## PROCEDURAL BACKGROUND

The Government pursued criminal charges against John Patrick Couch and Xiulu Ruan under a Second Superseding indictment that was issued in April 2016. (Doc. 269). The Second Superseding indictment charged Couch and Ruan with RICO violations, conspiracy to commit healthcare fraud, drug charges, money laundering, and wire and mail fraud. The crimes charges were alleged to have begun in or about 2011 and continued through May 20, 2015. The earliest date specified in the Second Superseding Indictment charges a conspiracy that began on or about January 1, 2011. (Doc. 269, p. 38). On February 23, 2017, a jury convicted

1

Defendants Couch and Ruan on 20 of 21 counts contained in the Second Superseding Indictment. (Docs. 494, 495). Ruan was found guilty on twelve of those counts and found not guilty only as to Count Ten. (Doc. 495). On March 2, 2017, preliminary orders of forfeiture were entered. (Docs. 504, 505). The United States advertised its intention to proceed with the forfeiture of certain property identified in the Second Superseding Indictment. (Doc. 548). In the advertisement, persons claiming an interest were notified that they "must file a petition within 60 days of the first date of publication (March 7, 2017)" and they were advised that:

> The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioners claim and the relief sought, pursuant to 21, U.S.C. § 853(n).

(Doc. 548, p. 7).

On April 20, 2017, Defendant Ruan's wife, Ling Cui, timely filed a third-party petition. (Doc. 577). The petition was signed by Ling Cui and her attorney, Michael S. McNair. (Doc. 577, pp. 17-18). However, the petition was not signed "under penalty of perjury." On May 11, 2017, the United States filed a response in opposition to Ling Cui's petition and moved to dismiss her petition. (Doc. 600). On May 25, 2017, Ling Cui filed opposition to the motion to dismiss as well as an amended petition that asserts under penalty of perjury that the petition and all assertions made therein are true and correct. (Docs. 643, 646). On that same day, Cui moved for an expansion of the time to file opposition to the motion to dismiss and to file the amended petition until May 25, 2017. (Doc. 648). The Court granted

2

Cui's motion and deemed Cui's opposition to the motion to dismiss and Cui's amended petition to be timely filed. (Doc. 659).

## DISCUSSION

Third parties claiming an interest in forfeited property must file a petition to be determined in an ancillary proceeding. 21 U.S.C. 853(n). Pursuant to § 853(n), the petition must "be signed by the petitioner under penalty of perjury" and must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C.A. § 853(a)(3). Cui's amended petition claims that as Xiulu Ruan's spouse, she has a 50% interest in property forfeited by Ruan.[1]

Ruan had filed for divorce on November 11, 2011, but the divorce was not finalized as of the time Cui filed her amended § 853(n) petition. (Doc. 644). On April 28, 2017, the Circuit Court of Mobile, Alabama entered an order in the divorce case stating the following:

> 1. All property, real or personal, of any kind or nature owned by either party or both parties, or any properties acquired by utilizing assets owned by either party individually or jointly, at the time this divorce was filed, on November 11, 2011, is hereby ordered to be marital property and it is hereby ordered that the wife is entitled to 50% of the net proceeds or net value of any and all properties described herein.
>
> * * * *
>
> 3. It is hereby ordered that this Honorable Court has no objection to

---

[1] Some of the forfeited property belonged to both Ruan and Couch or to entities that were managed or owned by both Ruan and Couch. Cui asserts a 50% interest only to the extent that the property was forfeited by Ruan, resulting in Cui claiming a 25% interest in such forfeited assets.

3

> the proposed sale of vehicles heretofore seized by the United States
> Government, so long as the Defendant receives 50% of the net proceeds
> thereof.

(Doc 645). Cui claims the state court's order gives her standing to claim a 50% interest in Ruan's forfeited property. Cui acknowledges that the order only refers to property that was in existence as marital property on November 11, 2011. (Doc. 643 ¶ 10). Cui also claims she is entitled to a 50% interest in Ruan's forfeited property on the basis that Ruan held all property in a constructive trust of which she had a 50% interest by virtue of her contribution to the marriage. Cui asserts that she provided family support and physical work in anticipation of and in the belief of her ownership interest in all assets in her spouse's name that were amassed during their marriage and prior to the criminal activity charged in this case. Cui contends there is an oral contract between her and her husband that gives her a 50% interest in the marital assets.

A petition may be dismissed prior to a hearing, upon a party's motion, "for lack of standing, for failure to state a claim, or for any other lawful reason." *United States v. Stone*, 304 F. App'x. 334, 336 (5th Cir. 2008) (quoting FED. R. CRIM. P. 32.2(c)(1)(A)). A hearing is not required prior to ruling on a motion to dismiss where the third party fails to allege any legal right, title, or interest in the forfeited property. *United States v. Salti*, 579 F.3d 656, 664 n.6 (6th Cir. 2009); *see also United States v. BCCI Holding (Luxembourg), S.A.*, 916 F.Supp. 1276, 1282 (D.D.C. 1996) ("If a third party fails to allege in [her] petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing") (citing *United States v. Campos.*, 859 F.2d 1233, 1240

4

(6th Cir. 1988)).

The United States contends that Cui's petition should be dismissed for several reasons. First, the Government assert that Cui lacks standing to claim any of the funds seized from bank accounts associated with the following corporate entities: (1) C&R Pharmacy, LLC, (2) C&R, LLC, (3) PPSA, P.C., (4) XLR Exotic Autos, LLC, (5) Ruan Companies, LLC, (6) XLR Properties, LLC, and (7) Physician's Weight Loss and Wellness, LLC. Defendants Couch and Ruan were the managing members of the first three entities and Ruan was the managing member of the latter four. "Established case law has made clear that shareholders of a corporation and members of an LLC do not have standing to challenge the forfeiture of the entity's assets." *United States v. Young*, 77 F. Supp. 3d 1191, 1192 (D. Utah 2014) (citing *United States v. All Funds in the Account of Prop. Futures, Inc.*, 820 F.Supp.2d 1305, 1333 (S.D. Fla. 2011)). The United States did not forfeit Ruan's membership interest in these corporate entities. Individual members of a limited liability company have no individual vested rights in and to property owned by a limited liability company.[2] *Carey v. Howard*, 950 So.2d 1131 (Ala. 2006); *see also* ALA. CODE § 10A-5A-4.02. ("A member has no interest in any specific property of a limited liability company or a series thereof."). Thus, Cui's allegation that she has an interest in property of any limited liability company based on Ruan's membership interest "is simply one level too far removed from the forfeited property

---

[2] "Under 21 U.S.C. § 853(n), the legal right, title, or interest of a third party is determined by state law. Federal law determines whether that interest may be forfeited." *United States v. White*, 306 F. App'x 838, 840 (5th Cir. 2007) (footnotes omitted).

5

to have an assertable legal interest." *United States v. Petters*, 857 F. Supp. 2d 841, 845 (D. Minn. 2012). To have standing, Cui must assert a legal interest in the forfeited property itself. *Id.* Cui's interest in forfeited assets claimed pursuant to the state court order in her divorce case or via an equitable interest arising from her marriage to Ruan cannot reach property of a limited liability company. The limited liability companies were not parties to the divorce action between Cui and Ruan. Accordingly, while the state court could have ordered Ruan to take certain actions regarding his membership rights, it had no jurisdiction over the limited liability companies themselves. *TenEyck v. TenEyck*, 885 So.2d 146, 153 (Ala. Civ. App. 2003). With regard to all forfeited properties that were held by a limited liability company or other corporate entity, the Court finds that Cui has not set forth a valid right, title or interest in those properties.[3]

The remaining properties in which Cui claims an interest are as follows:

| $5,000 | seized from College Counts 529 Fund ending in x3712 |
|---|---|
| $5,000 | seized from College Counts 529 Fund ending in x3713 |
| $3,274.61 | seized from Ruan's SB&T account ending in x6197 |
| $40,939.83 | seized from Ruan's Community Bank account ending in x9013 |
| $141,971.78 | seized from Ruan's Capital One Sharebuilding |

---

[3] The Court notes that many of the accounts that were held by corporate entities were not in existence before January 1, 2011. Thus, Cui's interest in those properties could not have vested prior to the commission of the acts that gave rise to the forfeiture. In fact, Cui claims standing "only respecting property rights before January 1, 2011." (Doc. 643, ¶ 23). As such, Cui's claim against accounts that were not in existence prior to January 1, 2011 are also due to be dismissed on the basis that they do not meet the requirements of 21 U.S.C. § 853(n)(6).

6

|  | Investment account ending in x6197-01 |
|---|---|
| Real Property | Residence located at 2800 Churchbell Court Mobile AL 36695[4] |

A third party petitioner must establish that she is entitled to relief because her "legal right, title, or interest in the forfeited property meets the circumstances set forth in either § 853(n)(6)(A) or § 853(n)(6)(B), and therefore, [s]he must allege facts sufficient to state a claim under one of the two provisions." *United States v. Preston*, 123 F. Supp. 3d 108, 115 (D.D.C. 2015); *see also United States v. Kennedy*, 201 F.3d 1324, 1328–29 (11th Cir. 2000) ("third party petitioners can establish their interest in forfeited property in only two ways"); *United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) ("The availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled."). "The procedural requirements of § 853(n) are strictly construed to prevent frivolous claims." *United States v. Dunning*, 2017 WL 1277878, at *2 (N.D. Ala. Apr. 6, 2017) (citations omitted). The statute provides:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably

---

[4] The Churchbell Court property has since been dismissed from the forfeiture proceeding on motion of the United States. See Doc. 701. It is therefore no longer at issue in Cui's petition.

7

without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6). Cui does not claim to be a bona fide purchaser for value, but instead claims a legal right, title or interest in the property. Thus, Cui's claims fall under § 853(n)(6)(A).

Cui states in her petition that the two College Counts 529 Funds "were established, to the best of petitioner's knowledge, in 2008" (Doc. 643, ¶ 24(d)), but the United States reports that these accounts were each opened with a $5,000 deposit on December 30, 2011, more than a month after Ruan filed for divorce. On a motion to dismiss, the Court must assume that the facts alleged in the petition are true. *See United States v. Shefton*, 548 F.3d 1360, 1363 (11th Cir. 2008) (citing FED. R. CRIM. P. 32.2(c)(1)(A)[5]). However, the basis of Cui's alleged right to the accounts is not clear. As previously discussed, a petitioner "must allege facts sufficient to state a claim under one of the two provisions." *Preston*, 123 F. Supp. 3d at 115. These college accounts were opened solely by Ruan and the accounts listed their daughters as the beneficiaries. Cui's petition does not indicate that she had any right to designate the beneficiary of these accounts or that she had any authority of any kind over these accounts. The amended petition does not state facts indicating that the funds deposited into either account constituted funds of which Cui had a superior or dominant interest. Cui has not shown that she had a vested interest in

---

[5] FED. R. CRIM. P. 32.2(c)(1)(A) provides: "In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true."

8

the accounts or that her interest was superior to Ruan's interest in the properties at the time of the commission of the acts that gave rise to the forfeiture. Conclusory assertions of ownership do not satisfy the pleading requirements in a criminal forfeiture proceeding. *United States v. Ginn,* 799 F. Supp. 2d 645, 647 (E.D. La. 2010).

Cui's contention that she had a 50% interest in the accounts pursuant to the state court order falls short. The state court order was not issued until after the acts which Ruan was convicted of allegedly occurred. Accordingly, Cui's rights and interests derived from the state court order did not vest prior to the acts that gave rise to the forfeiture of the property. *See e.g. United States v. Okonkwo*, 2016 WL 6984273, at *4 (M.D. Fla. Nov. 29, 2016) (finding an equitable distribution order that was issued after the acts giving rise to the forfeiture "cannot operate to convey superior right, title, or interest in favor of Petitioner pursuant to § 853(n)(6)(A).").

Petitioner, citing *Putnam v. Putnam*, 150 So.2d 209, (1963), contends that she had a constructive trust in all of Ruan's properties that existed prior to the commencement of divorce and prior to the actions that gave rise to the forfeiture. In *Putnam*, the Court found that "[a] constructive trust arises when the legal title to property is obtained by one in violation, express or implied, of some duty owed to one who is equitably entitled thereto, and when the property thus obtained is held in hostility to his beneficiary's rights of ownership." *Id.* at 213. For a constructive trust, there must have been some kind of inequity or " 'fraud,' either actual or constructive, including acts or omissions in violation of fiduciary obligations." *Id.*

9

(citations omitted). The other party must have obtained legal title to the property in an "unconscientious manner." *Id.* However, even if Petitioner could establish an equitable reason for the imposition of a constructive trust, Petitioner does not allege facts to support a finding that she had a vested right pursuant to a constructive trust at the time of the commission of the acts which gave rise to the forfeiture.

A constructive trust is a remedy. *Keeling v. Keeling*, 145 So.3d 763, 769 (Ala. Civ. App. 2014) (quoting *Radenhausen v. Doss*, 819 So.2d 616, 620 (Ala. 2001)). As the *Putnam* Court stated, "[a] constructive trust is a *device* used by chancery to compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs." *Putnam*, 150 So.2d 209, 212–13 (citation omitted, emphasis added). A constructive trust is not a cause of action itself, but "a remedy imposed to prevent the enjoyment of a fraud or of a breach of fiduciary duty." *Keeling*, 145 So.3d at 769 (quoting *Gulf States Steel, Inc. v. Lipton*, 765 F.Supp. 696, 704 (N.D. Ala.1990)). "[A] request for the imposition of a constructive trust must be tethered to some viable underlying cause of action. *Id.* (citing *Radenhausen, supra*). Here, petitioner has not alleged an underlying cause of action from which she was granted or awarded the remedy of a constructive trust prior to the actions that gave rise to the forfeiture. The state court ordered that Cui was entitled to 50% of the net proceeds or net value of property owned by either party on the date the divorce action was filed and it could be argued that the state court order created or imposed a constructive trust in favor of Cui. However, as discussed above, Cui's rights under that order could not have vested until the date the order was entered, April 28,

10

2017. Accordingly, Cui has not alleged facts that would support a finding that she had a vested interest in the college accounts prior to the actions that gave rise to the forfeiture.

For these same reasons, Cui also has not alleged sufficient facts to state a claim under § 853(n)(6)(A) against the other four bank accounts. The petition does not state that any of these assets are or ever were titled in Cui's name and does not assert facts to support any other reason why she might have a vested right in the properties, superior to any right, title, or interest of the defendant, Ruan, at the time of the commission of the acts which gave rise to the forfeiture. Petitioner's conclusory allegations claiming the funds as marital property are insufficient to state a claim to the forfeited property under § 853(n).

## CONCLUSION

For the reasons stated above, the motion of the United States to dismiss the petition of Ling Cui (Doc. 600), is **GRANTED** and Ling Cui's petition (Doc. 577) and amended petition (Doc. 643) are hereby **DISMISSED**.

**DONE** and **ORDERED** this 15th day of September, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE