## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIM. NO. 15-00088-CG-B** |
| | ) | |
| **JOHN PATRICK COUCH and** | ) | |
| **XIULU RUAN** | ) | |

## UNITED STATES' MOTION TO CLARIFY THE SCOPE OF RESENTENCING

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, respectfully moves that this Court address the limited scope of the resentencing proceeding in this matter.  The Eleventh Circuit remanded John Patrick Couch's ("Couch's") and Xiulu Ruan's ("Ruan's") cases to this Court for further proceeding.   A probation officer compiled revised presentence investigation reports (the "PSIs"), and Couch and Ruan submitted objections.  Ruan challenged several sentencing issues in his previous direct appeal, and the Eleventh Circuit affirmed this Court's rulings on those issues.  Through their objections, Couch and Ruan effectively ask this Court to revisit those issues.  As set out, the United States submits that the previous litigation forecloses the relitigation of issues already decided against them by the Eleventh Circuit.

## I.    BACKGROUND

A jury convicted Couch and Ruan of various charges related to illegal activities in their shared medical practice.  [Doc. No. 663; Doc. No. 665]  Couch and Ruan appealed.  On direct appeal, the Eleventh Circuit reversed Couch's and Ruan's

convictions on Count 16, which charged a violation of the Anti-Kickback Statute based on kickbacks associated with an in-office workers' compensation dispensary. *United States v. Ruan*, 966 F.3d 1101, 1144–46 (11th Cir. 2020). The Eleventh Circuit affirmed, however, in all other respects. *Id.* at 1177. Notably, the Eleventh Circuit concluded that this Court's instruction on good faith as to the violations of 21 U.S.C. § 841 complied with existing Circuit precedent. *Id.* at 1166–67.

Pertinent to the present proceedings, the Eleventh Circuit rejected several challenges that Ruan raised on his sentence. *Id.* at 1171–77. Specifically, it determined that this Court properly found the drug quantity attributable to Ruan, appropriately applied an enhancement for obstruction, and correctly calculated restitution. *Id.* The Eleventh Circuit concluded that this Court should have applied a one-level enhancement instead of a two-level one for money laundering but declined to correct the error because it would not have changed Ruan's advisory range under the United States Sentencing Guidelines. *Id.* at 1173–74.

After the Eleventh Circuit issued its mandate, the case returned to this Court for resentencing. [Doc. No. 894] This Court declined to hold a full resentencing proceeding and opted to impose the same sentences. [Doc. Nos. 907, 908] It determined that Couch and Ruan could opt to reopen forfeiture proceedings if they wished to do so. [*Id.* at 9–10] They withdrew the request for a forfeiture hearing. [Doc. No. 911] This Court issued amended judgments. [Doc. Nos. 916, 917] Couch and Ruan appealed from those judgments, too. [Doc. Nos. 918, 922]

Meanwhile, the Supreme Court granted a writ of certiorari in Ruan's case and opted to review the Eleventh Circuit's decision. *Ruan v. United States*, 142 S. Ct. 457 (2021) (granting Ruan's petition for a writ of certiorari and consolidating the case with another petition from the Tenth Circuit). The Supreme Court held that — in the context of a defendant who raises a legal authorization to distribute controlled substances — the United States "must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan v. United States*, 597 U.S. 450, 454 (2022). It remanded Ruan's case to the Eleventh Circuit for further proceedings. *Id.* at 467–68. In addition, the Supreme Court granted Couch's petition for a writ of certiorari and remanded his case to the Eleventh Circuit for further proceedings, too. *Couch v. United States*, 142 S. Ct. 2895 (2022).

Once again before the Eleventh Circuit, the parties filed supplemental briefs on the impact of the Supreme Court's decision. *United States v. Ruan*, 56 F.4th 1291, 1295 (11th Cir. 2023). The Eleventh Circuit concluded that the jury instruction on *mens rea* was inadequate as to the charges under 21 U.S.C. § 841 for unlawful distribution of controlled substances. *Id.* at 1296–98. It further determined that the instructional error was not harmless as to those charges. *Id.* at 1298. Although the Eleventh Circuit vacated those convictions, it determined that the instructional error with respect to the distribution charges did not taint the other remaining convictions. *Id.* at 1299–1302. Thus, the Eleventh Circuit affirmed Couch's and Ruan's convictions on the non-distribution counts that remained. *Id.* at 1302.

3

The Eleventh Circuit remanded the case for further proceedings on the distribution offenses and for resentencing on the surviving convictions. *Id.* at 1302. Pertinent to this resentencing proceeding, the Eleventh Circuit recognized that the Supreme Court's decision did not affect many aspects of the prior direct appeal. *Id.* at 1295 n.1. Accordingly, the Eleventh Circuit reinstated those aspects of its decision. *Id.* That reinstatement included the Eleventh Circuit's ruling on this Court's sentencing decisions. *Id.*

That decision issued as the Eleventh Circuit's mandate. [Doc. No. 958] This Court stayed further proceedings in accordance with that mandate while Couch and Ruan sought review in the Supreme Court. [Doc. Nos. 965, 968] (text only entries). This time, the Supreme Court decided against further review. *Ruan v. United States*, 144 S. Ct. 377 (2023) (denying the petitions).

In addition, the Eleventh Circuit vacated this Court's amended judgments from the first resentencing proceeding and returned the case so that this Court may give effect to the remand from Couch's and Ruan's original direct appeals. [Doc. Nos. 971, 972] This Court lifted the stay, and resentencing is set for July 17, 2024. [Doc. No 974] (text only entry).

Couch and Ruan submitted objections to the revised PSIs in their cases. [Doc. Nos. 984, 986]. Among other issues, these objections purport to challenge the attributable drug quantities as well as the amount of restitution.

## II.   LEGAL STANDARDS

An appellate court may remand a case "and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."   28 U.S.C. § 2106.   The appellate court has "broad discretion" to determine the scope of its mandate.   *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010).   Once that mandate issues, this Court should resolve only those issues that the mandate permits.   *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510–11 (11th Cir. 1987).

The so-called mandate rule stems from the law of the case doctrine and "provides that subsequent courts are bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case."   *Friedman v. Mkt. St. Mortg. Corp.*, 520 F.3d 1289, 1294 (11th Cir. 2008) (internal quotation marks omitted). This Court should decline to revisit "matters decided expressly or by necessary implication in an earlier appeal of the same case."   *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270–71 (11th Cir. 2009).   Under these principles, "a district court cannot amend, alter, or refuse to apply an appellate court's mandate simply because an attorney persuades the court that the decision giving rise to the mandate is wrong, misguided, or unjust."   *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 85, 844 (11th Cir. 2018).

### III.  ANALYSIS

The Eleventh Circuit addressed this Court's sentencing decisions in several respects in the prior direct appeals.  Crucially, this Court already decided the calculations for drug quantity and restitution attributable to Couch and Ruan.  The Court reached that conclusion based upon its consideration of the evidence before it at trial and sentencing.  Ruan challenged this Court's approaches, and the Eleventh Circuit upheld them on appeal.  The Eleventh Circuit also upheld the Court's sentencing rulings in several other respects.  Despite the twists and turns in these proceedings, the Eleventh Circuit's rejection of Ruan's sentencing challenges remains in force.  The Eleventh Circuit reinstated those aspects of its opinion on remand from the Supreme Court. *Ruan*, 56 F.4th at 1295.  Thus, the Eleventh Circuit's mandate governs these issues, and the Eleventh Circuit's reasoning governs as precedent in any event.

In short, the United States submits this motion to seek clarification that resentencing should not start from the ground up.  This Court should resentence Couch and Ruan based on the abundant evidence already in the record.  Couch and Ruan remain free to present additional mitigation arguments in accordance with the law.  As for the applicable baselines, this Court should rely on its prior decisions and the extensive record.

The Eleventh Circuit issued a limited remand, and the scope of that remand impacts the resentencing proceeding.  Typically, the Eleventh Circuit vacates an entire sentence for a multi-count sentence "package" so that the district court may ensure that the total punishment "fits both the criminal and the crime."  *United States v. Fowler*, 749

F.3d 1010, 1018 (11th Cir. 2014). The Eleventh Circuit followed the *Fowler* approach in this case. *Ruan*, 56 F.4th at 1302.

It does not follow, though, that a remand allows a litigant to revisit an issue that the Court decided against him on appeal. At one end, the Eleventh Circuit refers to the vacatur as a clean slate for the parties. *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). The Court remains free to reconsider the issues and to assess a defendant's conduct while incarcerated. *See Pepper v. United States*, 562 U.S. 476, 481 (2011) (concluding that a sentencing court may consider rehabilitation evidence that arose after sentencing if a sentence is vacated on appeal).

Despite this breadth, a remand does not allow for reconsideration of issues that the Eleventh Circuit has decided against a party. *United States v. Davis*, 329 F.3d 1250, 1252 (11th Cir. 2003) (determining that a mandate that vacated sentences for resentencing based on one error was a limited remand because the Court rejected the defendants' other arguments). Indeed, the Eleventh Circuit has recognized the interest in judicial economy to avoid an unnecessary do-over of proceedings that yielded the correct result. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). For example, the Eleventh Circuit rejected a defendant's efforts to attack a forfeiture order on remand because the claim fell outside the scope of the limited remand and because the defendant failed to raise the issue in his first appeal. *United States v. Stein*, 964 F.3d 1313, 1324 (11th Cir. 2020).

The Eleventh Circuit's unpublished decision in *United States v. Annamalai* demonstrates how these principles work in practice. No. 21-13002, 2023 WL 316019

(11th Cir. Jan. 19, 2023).   The defendant in *Annamalai* received a split decision on appeal.   The Eleventh Circuit vacated several convictions and found an error in the district court's loss amount.   *Id.* at *1.   The Court "summarily affirmed several other sentencing enhancements that [the defendant] challenged[.]"   *Id.*   The defendant argued on remand that he was entitled to a *de novo* resentencing.   *Id.* at *2.   The district court rejected that argument, and the Eleventh Circuit affirmed that decision on appeal.   *Id.* at *4–*5.   The Court noted that its decisions to affirm various sentencing enhancements "were binding as law of the case on the district court."   *Id.* at *5.   Thus, the Court concluded that the district court properly declined to revisit those issues that the Eleventh Circuit had affirmed.   *Id.*   *Annamalai* is persuasive because its analysis comports with *Davis* and *Stein*.

Turning to this case, the Eleventh Circuit expressly reinstated its sentencing analysis before it remanded the case.   The Eleventh Circuit noted the other issues that Couch and Ruan had raised — including Ruan's sentencing challenges — and "adopt[ed] the reasoning of the previous panel opinion" except for the reasoning on the jury instructions on the *mens rea* for drug distribution.   *Ruan*, 56 F.4th at 1295 n.1. If Couch and Ruan were free to litigate these issues, that approach effectively would render the Eleventh Circuit's sentencing analysis an impermissible advisory opinion. *See Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1138 (11th Cir. 2018) ("We are not in the business of providing what amount to advisory opinions, and this would be one.").

Ruan cannot avoid those sentencing issues on which he appealed and lost. As the Eleventh Circuit noted, he did not re-brief those issues on remand from the Supreme Court or assert any connection between the Supreme Court's decision and his sentencing arguments. *Ruan*, 56 F.4th at 1295 n.1. The Eleventh Circuit's analysis of those issues continues to constitute binding authority. *See Stein*, 964 F.3d at 1324. Notably, Ruan seeks the benefits of the Eleventh Circuit's ruling. For example, he asks this Court to alter the money laundering enhancement in accordance with the Eleventh Circuit's conclusion that the two-level enhancement was error. [Doc. 986, 7]. The Eleventh Circuit nonetheless declined to correct that point. Regardless, Ruan's assertion implicitly recognizes the continued impact of the Eleventh Circuit's decision. This Court should decline to allow Ruan to revisit those issues that he litigated and lost.

Likewise, the Eleventh Circuit's analysis also binds Couch. Couch could have raised these arguments during the first appellate round, too, but declined to do so. Moreover, the Eleventh Circuit upheld this Court's methodology to calculate restitution and drug quantity. The quantities differed for Couch, but this Court's calculation process remained consistent across both Couch's and Ruan's cases. Specifically, the Court looked to the overall record of prescribing practices and derived estimates based on the evidence of illegality. At a minimum, the Eleventh Circuit's decision forecloses Couch's arguments by necessary implication. *See Winn-Dixie Stores, Inc.*, 881 F.3d at 847 (noting that defendants' new arguments "were all decided, and rejected, by necessary implication in [the Court's] previous decision"). Couch also was a party to the appeal and could have raised those challenges at that time. *See Citibank, N.A. v. Data Lease Fin.*

9

*Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (concluding that principles of claim preclusion bar subsequent litigation if the suit meets certain criteria and could have been litigated earlier).

For similar reasons, the Eleventh Circuit's reasoning should control even if it did not bind the Court as a matter of mandate. The Eleventh Circuit reinstated its prior opinion, and that published decision constitutes precedent as to several relevant issues in this resentencing. *Ruan*, 56 F.4th at 1295 n.1. Under the Eleventh Circuit's analysis, a sentencing court may derive reasonable estimates for drug quantity and restitution based on total conduct. This Court engaged in that estimation process here. The factual matter that the Court previously considered remains properly before it, and the Court's methodology remains sound under Eleventh Circuit precedent. This Court should apply the same methodology at resentencing and should arrive at the same conclusions.

In sum, the Eleventh Circuit vacated the sentencing package to allow this Court to select an appropriate total sentence, but its mandate necessarily was limited because the Court affirmed as to several sentencing issues. The Eleventh Circuit's decision continues to provide binding authority over those issues.

## IV. CONCLUSION

The United States requests that this Court clarify the scope of the resentencing proceedings. That clarification will allow the parties to prepare for the proceeding and to resolve whether witnesses might be necessary as to particular issues. For the reasons set out, this Court should conclude that the Eleventh Circuit issued a limited mandate and that its sentencing reasoning continues to control in any event.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY
By:

*/s/ Scott A. Gray*
Scott A. Gray

*/s/ Christopher J. Bodnar*
Christopher J. Bodnar

Assistant United States Attorneys
63 South Royal Street, Suite 600
Mobile, Alabama  36602
Telephone:  (251) 441-5845
Fax:  (251) 441-5131