UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

**UNITED STATES OF AMERICA,**

vs.                                                         Case No. 1:15-CR-88-CG-B

**JOHN PATRICK COUCH,**

    *Defendant.*

### DEFENDANT COUCH'S
### OPPOSITION TO MOTION TO CLARIFY

John Patrick Couch (hereinafter "Dr. Couch" or "Couch") responds to the Government's Motion to Clarify the Scope of Resentencing by noting that in essence it seeks to abridge the scope of the court's sentencing determination at the expense of the Defendants' Due Process rights. (Doc. 995). Couch adopts the arguments and statements of co-defendant Ruan which may fairly be encapsulated as the position that "there was no limited remand, let alone any express instructions from the Eleventh Circuit" and that "the 'law-of-the-case' doctrine plays no role in that analysis".[1]

**The Eleventh Circuit's decision in *Ruan III* is dispositive of that question.**

The Eleventh Circuit vacated Counts **5, 6, 7, 13**, and 14, the defendants' §841 convictions, remanding them for new trials. It also vacated the sentence for all remaining counts, remanding

---

[1] Ruan motion, pages 1-2. For brevity and expedience, the procedural histories that are found in co-defendant Ruan's motion have been adopted and not reiterated herein. So, too, legal arguments, unless further clarification or emphasis is needed.

1

them "for resentencing."[1] *United States v. Ruan*, 56 F.4th 1291, 1302 (11th Cir. 2023) ("*Ruan III*")

The Eleventh Circuit's "general *vacatur*" of Dr. Couch's "sentence allows for resentencing *de novo*." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010); *see also id.* ("[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean.") (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)). *See also, United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999); *United States v. Rodriguez,* 75 F.4th 1231, 1250 (11th Cir. 2023); *United States v. Hemingway*, 2024 U.S. App. LEXIS 6147, (11th Cir 2024)

## **The Eleventh Circuit vacated Dr. Couch's sentencing in its entirety.**

The Supreme Court determined that, as to the jury instructions concerning the Controlled Substances Act, certain errors were made. *United States v. Raun*, 597 U.S. 450 466-68, 142 S. Ct. 2370, 213 L. Ed. 2d 706 (US 2022). Because the jury

---

[1] Count 1: Conspiracy to Commit Racketeering (RICO), 18 U.S.C. §1962(d); Count 2: Drug Conspiracy (Schedule II Controlled Substances) 21 U.S.C. § 846; Count 3: Drug Conspiracy (Schedule II Controlled Substances) 21 U.S.C. § 846; Count 4: Drug Conspiracy (Schedule III Controlled Substances) 21 U.S.C. § 846; Count 15: Healthcare Fraud Conspiracy, 18 U.S.C. § 1349; Count 16: Conspiracy to Violate Anti-Kickback Statute, 18 U.S.C. § 371; Count 17: Conspiracy to Violate Anti-Kickback Statute, 18 U.S.C. § 371; Count 19: Wire and Mail Fraud Conspiracy, 18 U.S.C. § 1349.

instructions did not accurately reflect the law, the Supreme Court vacated the Eleventh Circuit's decision in *Ruan I* and "remand[ed] the case[] for further proceedings consistent with this opinion." *Id.* at 468.

Upon remand, the Eleventh Circuit considered what effect, if any, the Supreme Court's decision had on Dr. Couch's convictions. *Ruan III*, 56 F.4th at 1295. The Eleventh Circuit determined that the instructional error infected Dr. Couch's convictions. *Id.* at 1302. The Eleventh Circuit affirmed Dr. Couch's "convictions on all remaining counts." *Id.* Following that determination—and "consistent with [its] ordinary practice in multi-indictment cases"—the Eleventh Circuit "*vacate[d] [Dr. Couch's] sentence for all counts* and remand[ed] for resentencing on the surviving counts." *Id.* (emphasis added). The Eleventh Circuit's mandate contains no instructions as it pertains to the issue of resentencing, just a general *vacatur* of their sentences:

> We remand to the district court for further proceedings consistent with the following instructions:
>
> > (1) We VACATE Dr. Ruan's convictions under 21 U.S.C. § 841 in Counts 8, 9, 11, and 12. We REMAND for new trial.
> > (2) We VACATE Dr. Couch's convictions under 21 U.S.C. § 841 in Counts 5, 6, 7, 13, and 14. We REMAND for new trial.
> > (3) We AFFIRM the defendants' convictions on all remaining counts.
> > (4) We VACATE the defendants' sentence for all counts and REMAND for resentencing on the surviving counts. *Id.*

3

## **A general *vacatur*, unlike a limited remand, requires *de novo* re-sentencing.**

*Ruan III* generally vacated Dr. Couch's sentence and, therefore, requires *de novo* resentencing. The Government claims that the Eleventh Circuit's remand was limited and, based on that assumption, argues that Dr. Couch's sentencing should be narrow. (Mot. at 6) ("The Eleventh Circuit issued a limited remand, and the scope of that remand impacts the sentencing proceeding."). But the Government misinterprets the Eleventh Circuit's mandate. (See Doc 972 Filed 05/04/23 PageID #: 34460 [USCA11 Case: 21-12538, Doc 52-1]; Doc 958 Filed 03/10/23 PageID #: 34352 [USCA11 Case: 17-12653, Doc 185-1 Date Filed: 03/10/2023]

The government tacitly admits to the frailty of what is a curious argument in the following passage:

> "...the Eleventh Circuit's reasoning should control **even if it did not bind the Court as a matter of mandate.**" The Eleventh Circuit reinstated its prior opinion, and that published decision constitutes precedent as to several relevant issues in this resentencing. *Ruan*, 56 F.4th at 1295 n.1. Under the Eleventh Circuit's analysis, a sentencing court may derive reasonable estimates for drug quantity and restitution **based on total conduct**. This Court engaged in that estimation process here. The factual matter that the Court previously considered remains properly before it, and the Court's methodology remains sound under Eleventh Circuit precedent. This Court should apply the same methodology at resentencing and should arrive at the same conclusions. In sum, the Eleventh Circuit **vacated the sentencing package** to allow this Court to select an appropriate total sentence, but its mandate necessarily was limited because the Court affirmed as to several sentencing issues. The Eleventh Circuit's decision continues to provide binding authority over those issues. (Motion p10)

4

Unlike a limited mandate that has express, identifiable issues, *Ruan III* wholly vacated Dr. Couch's sentence. *Ruan III*, 56 F.4th at 1295.  Consequently, consistent with well-established case law, Dr. Couch's sentence became "void in its entirety." *United States v. Burke*, 863 F.3d 1355, 1359 (11th Cir. 2017) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)).

Giving effect to *Ruan III*'s general *vacatur* is especially important.  Significant counts of conviction were vacated, and the Government elected not to retry them.  Without those counts, the facts relevant to sentencing have materially changed.  More important, considering those changes, this Court should revisit its initial determinations. To apply the Government's approach— wholesale re-application of this Court's initial sentencing determinations, despite the change in circumstances—would ignore the Eleventh Circuit's "holistic approach" to resentencing. United States v.  Martinez, 606 F.3d 1303 (11th Cir. 2010)(citing *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994) .

As the Eleventh Circuit has recognized, a "criminal sentence" is a "package of sanctions" that should be "fully revisited upon resentencing."  *Id.* (quoting *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999)).  In short, if the Eleventh Circuit in *Ruan III* had intended to hold constant certain aspects of sentencing while ordering reconsideration of others, then the Eleventh Circuit "would have removed the illegal portion of the sentence and simply recalculated the sentence,

5

instead of remanding to the district court for a time-consuming and expensive hearing." *Stinson*, 97 F.3d at 469. That the Eleventh Circuit declined to do so—and, instead, generally vacated Dr. Couch's sentence—confirms that *de novo* resentencing is essential.

### law-of-the-case doctrine plays no role in that analysis

The law of the case doctrine is inapplicable here because the mandate in [the first case] provided for a general, rather than limited, *vacatur* of [the defendant's] sentence, permitting the district court to resentence him *de novo*. *See, e.g.*, *United States v. Gomez-Gomez*, No. 21-10758, 2022 WL 2762139, at *3 n.4 (11th Cir. July 15, 2022)

*Ruan III* involved a general *vacatur, making*, the law-of-the-case doctrine inapplicable. The Supreme Court confirmed that conclusion in *Pepper v. United States*, 562 U.S. 476 (2011). There, in an earlier sentencing proceeding, a district court applied a 40-percent downward departure due to the defendant's substantial assistance. 562 U.S. at 505. Following a general remand by an appellate court (and a reassignment to a new judge), the district court "ruled that she was not bound by the prior sentencing judge's decision and granted only a 20-percent downward departure." *Id.* at 506.

On appeal to the Supreme Court, the defendant claimed that "the law of the case doctrine required [the sentencing judge] to apply the same 40-percent departure granted by the original

6

sentencing judge." *Id.* The defendant maintained that "because the original sentencing judge's decision to grant the 40-percent departure was never set aside," that decision "constitute[d] the law of the case." *Id.* at 507. The Supreme Court "disagree[d]." *Id.* at 506.

Even assuming, our penultimate court had held, "that the original sentencing court's decision to impose a 40-percent departure *was at one point the law of the case*," the subsequent *vacatur* "effectively wiped the slate clean." *Id.* at 507 (emphasis added); *see also id.* at 507-08 ("Accordingly, because the Court of Appeals remanded for *de novo* resentencing, we conclude that [the district court] was not bound by the law of the case doctrine to apply the same 40-percent departure that had been applied at [defendant's] prior sentencing.").

Applying that reasoning to the instant case, then, even if *Ruan I* "was at one point the law of the case," *Ruan III* "wiped the slate clean," requiring *de novo* resentencing. *See, e.g.*, *United States v. Norwood*, 49 F.4th 189, 204 (3d Cir. 2022) (noting that *Pepper* "stands for the proposition that when a court engages in *de novo* resentencing, it is not bound by its prior determinations" and that "*de novo* review requires courts to consider all legal issues anew").

The Government has previously interpreted *Pepper* in the same way. In United States v. Nguyen, the defendant appealed his

7

judgment. On appeal, although the Government maintained that "the district court's ruling is due to be affirmed," the Government also argued that, if the Eleventh Circuit "determine[d] that the case should be remanded for resentencing," then "any new sentencing should begin *de novo*." Br. of Appellee, *United States v. Nguyen*, Case No. 11-10407, 2011 WL 6146944, at *35 (11th Cir. Dec. 2, 2011). The Government noted that, "when a court of appeals remands for *de novo* sentencing, *the sentencing judge is not bound by his prior determinations*" and "*the law of the case doctrine does not apply*." *Id.* at *36 (citing *Pepper v. United States*, 131 S. Ct. 1229 (2011)) (emphasis added).

Just as the *Pepper* Court assumed, this Court's prior sentencing determinations became void once the Eleventh Circuit vacated Dr. Couch's sentence. There is no principled reason to apply the law-of-the-case doctrine here while withholding its application in *Pepper* (or to the Government's theories asserted in *Nguyen*).

The Government maintains that our appellate court follow the "approach" taken in *United States v. Fowler*, 749 F.3d 1010 (11th Cir. 2014). (Motion at 6-7). *Fowler* stands for a modest—and unrelated—proposition: "As the architect of a sentence structure that has been partially dismantled by a conviction being vacated, the district court can redesign and rebuild it to achieve the original purpose and conform to code," and "[t]he package should

8

be repackaged to ensure that the punishment fits both the criminal and the crime." 749 F.3d at 1018. Accordingly, *Fowler* did not hold that a general *vacatur*, as was the case with *Ruan III*, means anything other than the sentence is "void in its entirety." *United States v. Burke*, 863 F.3d 1355, 1359 (11th Cir. 2017) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996))

*United States v. Annamalai*, No. 21-13002, 2023 WL 316019 (11th Cir. Jan. 19, 2023), is also not apropos. That decision does not illustrate how sentencing remands "work in practice." (Mot. at 7). In *Annamalai,* the defendant, after having previously appealed his conviction, was specifically granted issued a limited remand:

> Due to insufficient evidence, we reverse the convictions on Counts 10-30 and 34, vacate the sentence, and remand for resentencing. *On remand, the loss amount resulting from the fraud offenses will be more than $70,000 but less than $120,000 under the 2013 Sentencing Guidelines.*

*United States v. Annamalai*, 939 F.3d 1216, 1238-39 (11th Cir. 2019) (emphasis added). Aside from that narrow adjustment, the Eleventh Circuit otherwise affirmed the sentencing judge's determinations. No. 21-13002, 2023 WL 316019, at *1.

On remand, the district court "determined that [the Eleventh Circuit's] mandate on remand was *limited*, and that it was simply to adjust the loss amount as directed [and] hear arguments

9

regarding the 18 U.S.C. § 3553(a) factors." *Id.* at *2 (emphasis added). The defendant argued on his second appeal that the district court should have conducted a *de novo* resentencing, but the Eleventh Circuit affirmed. *Id.* at *10. Critical to that holding—and materially unlike *Ruan III*—the Eleventh Circuit acknowledged that it "did not vacate the entire sentencing package" in the defendant's first appeal; instead, the Eleventh Circuit "*remanded with express instructions* that the district court set the loss amount at a specific amount and resentence" the defendant." *Id.* at 5 (emphasis added). Because the remand was limited, the Eleventh Circuit held that the defendant was barred from re-litigating sentencing enhancements previously decided. *Id.*[1]

Accordingly, when the Eleventh Circuit generally vacated Dr. Couch's sentence in *Ruan III,* absent "express instructions", the Eleventh Circuit "void[ed]" Dr. Couch's sentence "in its entirety; the sentence—including any enhancements—[was] wholly nullified and the slate wiped clean." *Stinson*, 97 F.3d at 469.

---

[1] The law of the case has three exceptions to the mandate rule: "(1) a subsequent trial produces substantially different evidence, (2) **controlling authority has since made a contrary decision of law applicable to that issue**, or (3) **the prior [appellate] decision was clearly erroneous and would work manifest injustice**. *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). *United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007).

10

## CONCLUSION

For these reasons, Dr. Couch requests that the Court clarify that the issues to be decided at the sentencing hearing are de novo, to include the impact on sentencing of the dismissed counts that the government has indicated it will not retry, and post-incarceration rehabilitation.

s/DOMINGO SOTO
SOTOD0690
MADDEN & SOTO
Attorney for Defendant
465 Dauphin Street
Mobile, Alabama 36602
251-432-0380 (voice)
251-865-7686 (mobile)
251-433-5964 (fax)
Soto@maddenandsoto.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Christopher Bodnar
Assistant United States Attorney
U.S. Attorney's Office
63 S. Royal St., Rm. 600
Mobile, Al. 36602
251-441-5845
251-441-5472
Party Represented:
United States

Jeffrey P. Doss
DOS008
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0700

11