## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | CRIM. NO. 15-00088-CG-B |
| ) | |
| JOHN PATRICK COUCH and ) | |
| XIULU RUAN         ) | |

## UNITED STATES' REPLY

Two core principles should shape the contours of resentencing in this case. First, the Court properly may exercise its authority anew to decide an appropriate sentence in the light of the sentencing factors in 18 U.S.C. § 3553(a). To achieve that end, Couch and Ruan are free to present any new mitigation evidence that may be pertinent to that assessment. Second, this Court previously calculated the defendants' Guidelines ranges and determined a restitution amount based on an appraisal of the trial record. The defendants agreed to forfeiture of assets. The Guidelines, of course, remain the "starting point and the initial benchmark" of sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). Couch and Ruan had the opportunity to challenge these determinations previously, and Ruan attempted to do so unsuccessfully. Thus, preclusion doctrines and general propositions of both precedent and sentencing law limit their ability to challenge these conclusions now. Couch and Ruan have given this Court no compelling reasons to depart from these principles. Accordingly, this Court should grant the United States' motion and limit the scope of the resentencing proceeding.

1

At the threshold, the resentencing process is a new proceeding in which the Court should reweigh the § 3553(a) factors. To be clear, the United States intends to recommend the same sentences for Couch and Ruan in the light of their extensive criminal conduct and the harms their unlawful actions wreaked upon the community. Nonetheless, Couch and Ruan may offer a countervailing narrative. The United States recognized as such in its initial motion. [Doc. 995, 7, PageID.34665]. Ultimately, the Court should consider the aggravating and mitigating circumstances under § 3553(a) as they exist at the time of resentencing. *Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[W]e think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.").

It does not follow, however, that the Court should start from scratch with respect to the Guidelines calculations or other determinations (such as the restitution and forfeiture conclusions) that the Court previously made at the sentencing proceedings. The prior appeals confirmed the propriety of this Court's decisions on these points. Insofar as Couch and Ruan press for this outcome, they stretch the concept of a *de novo* resentencing far beyond its proper boundaries.

Notably, Ruan and Couch effectively read footnote one of the Eleventh Circuit's opinion on remand out of the decision entirely. The Eleventh Circuit reinstated those portions of its prior opinion—including its rulings on Ruan's sentencing challenges—

2

because "nothing in the Supreme Court's decision alter[ed] [the Eleventh Circuit's] consideration of those issues." *United States v. Ruan*, 56 F.4th 1291, 1295 n.1 (11th Cir. 2023). Ruan addresses the Eleventh Circuit's footnote in his own extended footnote that essentially contests the wisdom of the Eleventh Circuit's conclusion. [Doc. 998, 5–6 n.2, PageID.34685–34686]. He contends that the Eleventh Circuit limited supplemental briefing to a narrow issue. [*Id.*]. The briefing order, however, clearly directed the parties to "file supplemental briefs addressing the impact of the Supreme Court's ruling on the issues in this appeal." [Doc. 998-1, 3, PageID.34696]. Couch and Ruan had the opportunity to assert a connection to the sentencing issues, or, alternatively, to ask the Court to reconsider or remove footnote one. The Eleventh Circuit did not do so.

This Court should read the Eleventh Circuit's decision on remand in its proper context. Specifically, the Eleventh Circuit remanded the cases for resentencing but did so in a fashion that was consistent with the remainder of the opinion. Accordingly, Couch and Ruan were not free to revisit issues that the Eleventh Circuit already had decided. *See United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (giving effect to a footnote in a prior decision that found no merit to several of a defendant's sentencing challenges).

This outcome flows not just from the mandate rule but also as a basic matter of precedent. A published decision by a prior panel constitutes binding authority until the Supreme Court or the Eleventh Circuit sitting *en banc* overrules it or undermines it to

the point of abrogation. *United States v. Files*, 63 F.4th 920, 930 (11th Cir. 2023). Hence, both footnote one and the binding parts of the Eleventh Circuit's prior decision that footnote one resurrected are binding precedent today. Put simply, the Court properly may readopt conclusions that it previously made based on the trial record. The Eleventh Circuit's decision guides this Court's approach on remand because its sentencing analysis remains a matter of binding precedent.

This approach also comports with the traditional framework that applies to any sentencing proceeding. To resolve a factual dispute at sentencing, this Court may consider "evidence presented at trial, undisputed statements in the [presentence report], and evidence presented at the sentence hearing." *United States v. White*, 663 F.3d 1207, 1216 (11th Cir. 2011). This Court previously adopted a methodology to assess drug quantity and restitution that relied on the trial evidence. The Eleventh Circuit upheld this Court's methodology, and the Court may continue to rely upon the trial evidence. As the United States observed in its motion, this Court does not have to rely on the mandate rule to readopt conclusions that it reached properly before. [Doc. 995, 10, PageID.34668].

Couch and Ruan hazily suggest that the vacatur of the distribution convictions changes the analysis in some respect. [Doc. 997, 5, PageID.34674; Doc. 998, 7–9, PageID.34687–34689]. This Court should reject that contention. Previously, this Court reached conclusions regarding drug quantity and restitution based on estimates from the trial record. Put simply, the Court's analysis did not turn on individual acts of

4

distribution. Instead, the Court utilized a methodology that considered the whole record. The Eleventh Circuit's rulings did not call this Court's estimates into question. Couch and Ruan have given this Court no reason to cast aside the methodology it adopted previously.

The authorities that Couch and Ruan cite also do not require a different conclusion. Both defendants rely heavily upon the Eleventh Circuit's decision in *United States v. Stinson*, in which the Eleventh Circuit concluded that a district court could impose an upward departure on resentencing. 97 F.3d 466, 469–70 (11th Cir. 1996). *Stinson* merely supports the view that a district court should determine an appropriate total sentence upon resentencing. At that time, the Guidelines were mandatory, and the district court was limited to the departure framework set out in the Guidelines. Now, this Court has broader discretion to weigh the § 3553(a) factors. As set out above, both parties may make arguments based on those factors at sentencing.

At this stage, the United States simply asks this Court to recognize that certain sentence components were unaffected by the appellate proceedings. The *Stinson* Court recognized that "when a sentence is vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components." *Id.* at 469. The Guidelines and restitution calculations remain appropriate.

Likewise, the Eleventh Circuit's decision in *United States v. Martinez* merely underscores the breadth of the Eleventh Circuit's power to frame the scope of its

mandate. 606 F.3d 1303, 1304–06 (11th Cir. 2010). Indeed, the Eleventh Circuit had expansive latitude to decide the scope of the remand in this case, and it vacated the case for resentencing while simultaneously reaffirming its prior sentencing rulings. This Court should give effect to the mandate as the Eleventh Circuit crafted it.

In sum, this Court should apply the same Guidelines and restitution calculations whether it relies on preclusion principles (such as the mandate rule and the law of the case doctrine) or whether it simply applies the same methodology from the prior sentencing proceedings based on the same trial record. Both routes lead to the same destination: this Court made these computations correctly the first time. Accordingly, this Court should clarify these issues prior to the resentencing hearing as set out in the United States' motion.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY
By:

*/s/ Scott A. Gray*
Scott A. Gray

*/s/ Christopher J. Bodnar*
Christopher J. Bodnar

Assistant United States Attorneys
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Fax: (251) 441-5131